ORDERED.

Dated: October 27, 2017

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                                Case No. 6:16-bk-07464-RAC
                                                                      Chapter 7
Lanny Todd Abshier
Diana Lynn Abshier,

       Debtors.

and

JPMorgan Chase Bank, N.A.,

       Garnishee.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS CASE came before the Court at a hearing on October 26, 2017, to consider and act upon motion (Doc. No. 86) by Debtor, Diana Lynn Abshier, for garnishment judgment against JPMorgan Chase Bank, N.A. ("Garnishee").  The Court finds and concludes as follows:

A.    <u>Background</u>.

    1.    On May 1, 2017, this Court entered a judgment (the "Primary Judgment")(Doc. No. 63) against Jeffrey Kahn and iKAHN Capital LLC (the "Judgment Debtors"), jointly and severally.

2

    2.    On or about July 18, 2017, a writ of garnishment ("Writ")(Doc. No. 81) was issued.

    3.    On or about August 4, 2017, Garnishee filed an answer (the "Answer") (Doc. No. 84) to the Writ.  The Answer discloses that Garnishee maintains the following checking accounts (the "Accounts") with the Judgment Debtors:

    a.    The following accounts in the name of Ikahn Capital, LLC:

| Account ending no. | Amount |
|---|---|
| 1766 | $1,023.64 |
| 8793 | $11,700.98 |
| 8526 | $11,801.42 |
| 1066 | $2,771.97 |

    b.    The following account in the name of Jeffrey Kahn:

| Account ending no. | Amount |
|---|---|
| 3347 | $5,064.43 |

    4.    On or about July 24, 2017, Debtor served on Judgment Debtors: (a) Writ; (b) motion for Writ; and (c) notice of right against garnishment (Doc. No. 83).  On or about August 7, 2017, Debtor served on Judgment Debtors: (a) Answer to Writ; and (b) notice of right to dissolve Writ (Doc. No. 85).

    5.    Debtor has incurred the following costs of this garnishment proceeding:

    a.    Service of process by certified mail: $5.26.

    b.    Garnishee's attorneys' fees: $100.00.

B.    <u>Legal Authority and Discussion</u>.

Bankruptcy Rule 7064[1] (F.R.Civ.P. 64) provides in relevant part:

> (a) At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.

---

[1] Pursuant to Bankruptcy Rule 9014(c), made applicable to contested matters.

L:\DRM\Abshier, Lanny & Diana - 2534\004 - Kahn Sanctions\Court Documents\FOFCOL - garnishment.docx

      (b) The remedies available under this rule include the following…:
         Garnishment . . . .

Chapter 77, Fla. Stat., provides for garnishment and governs garnishment proceedings in federal courts in Florida. See, *Vermont Railway, Inc., v PDBH Constructors, Inc*., 2011 WL 7293430 (S.D. Fla. 2011).

Section 77.083, Fla. Stat., provides in relevant part:

> Judgment against the garnishee on the garnishee's answer . . . shall be entered for the amount of his or her liability as disclosed by the answer . . . .

The Accounts are identified in the answer of Garnishee. The balance in the Accounts is presumed to be owned by the party named on the account. See, *Thomas J. Konrad & Associates, Inc., v. McCoy*, 705 So.2d 948 (Fla. 1st DCA 1998).

The Primary Judgment remains due in the amount of $21,511.58, plus statutory interest at a rate of 1.03% per year ($0.607/day) from May 1, 2017. As of October 26, 2017, the amount of the Primary Judgment, including statutory interest, is $21,619.63. The balance in the Accounts exceeds the Primary Judgment and therefore, the amount of the garnishment judgment shall be entered against the Garnishee for the amount of the Primary Judgment, plus taxable costs.

Section 77.28, Fla. Stat. provides in relevant part:

> Garnishment; attorney fees, costs, expenses; deposit required.— Upon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ. On rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee, and in the event of a judgment in favor of the plaintiff, the amount is subject to offset by the garnishee against the defendant whose property or debt owing is being garnished. In addition, the court shall tax the garnishee's costs and expenses as costs. The plaintiff may recover in this manner the sum advanced by him or her, and, if the amount

      allowed by the court is greater than the amount paid together with any offset, judgment for the garnishee shall be entered against the party against whom the costs are taxed for the deficiency.

Debtor has incurred taxable costs in the amount of $105.26. Pursuant to Section 77.28, Fla. Stat., the costs may be recovered from Judgment Debtors as an addition to the Primary Judgment.

      A separate judgment will be entered consistent with the foregoing.

Attorney David R. McFarlin is directed to serve a copy of this document on interested parties and file a proof of service within 3 days of entry of the order.